UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JOHN PANARESE and
CHERYL THURSTON,

                Plaintiffs,

  -against-

SELL IT SOCIAL, LLC,

                Defendant.
-------------------------------------------------------X

REPORT AND
RECOMMENDATION
19 CV 3211 (ARR)(RML)

LEVY, United States Magistrate Judge:

        By order dated January 16, 2020, the Honorable Allyne R. Ross, United States District Judge, referred plaintiffs' motion for default judgment to me for report and recommendation. For the reasons set forth below, I respectfully recommend that plaintiffs' motion be granted.

## BACKGROUND AND FACTS

        On May 30, 2019, plaintiffs John Panarese ("Panarese") and Cheryl Thurston ("Thurston") (jointly, "plaintiffs") filed this action against defendant Sell It Social, LLC ("defendant"), alleging violations of the public accessibility requirements of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. EXEC. LAW § 296, *et seq.*; and the Unruh Civil Rights Act ("UCRA"), CAL. CIV. CODE § 51, *et seq.* Plaintiffs' complaint seeks declaratory and injunctive relief, compensatory and statutory damages, and attorney's fees and costs. (See Complaint, dated May 30, 2019 ("Compl."), Dkt. No. 1.) Plaintiffs have demonstrated that defendant was properly served with the summons and complaint. (See Affidavit of Service of Mary M. Bonville, sworn to June 17, 2019, Dkt. No. 4.) Despite proper service, defendant has

failed to appear or otherwise defend this action. (See Status Report, dated Dec. 16, 2019, Dkt. No. 9.) On October 6, 2019, plaintiffs requested a certificate of default pursuant to Federal Rule of Civil Procedure 55(a). (Request for Certificate of Default, dated Oct. 6, 2019, Dkt. No. 5.) On October 10, 2019, the Clerk of the Court noted defendant's default. (See Certificate of Default, dated Oct. 10, 2019, Dkt. No. 6.) Plaintiff filed the instant motion for default judgment on January 15, 2020. (Motion for Default Judgment, dated Jan. 15, 2020, Dkt. No. 10.) The following day, Judge Ross referred plaintiffs' motion to me for a report and recommendation. (Order, dated Jan. 16, 2020.)

Plaintiff Panarese, a New York resident, is a blind individual who requires screen reading software to read website content and access the internet. (Compl. ¶¶ 3, 8.) He is therefore a qualified individual with a disability under the ADA and the NYSHRL. 42 U.S.C. § 12102; N.Y. EXEC. LAW § 292. Plaintiff Thurston, a California resident, is also a blind individual who requires screen reading software to read website content and access the internet. (Compl. ¶¶ 3, 8.) She is therefore a qualified individual with a disability under the ADA and the UCRA. 42 U.S.C. § 12102; CAL. CIV. CODE § 51(e)(1). Defendant is a New York limited liability company with its principal place of business in New York, which owns the website www.rebelcircus.com (the "Website"). (Compl. ¶¶ 3, 10.) The Website contains numerous accessibility barriers that deny plaintiffs the full use and enjoyment of the facilities and services of the Website by preventing effective use of screen readers to navigate the Website. (Id. ¶¶ 3, 17.)

## DISCUSSION

Upon default, defendants are deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability, but not those related to damages. Cotton v.

Slone, 4 F.3d 176, 181 (2d Cir. 1993); Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); see also Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981). Even after properly serving a defendant and securing an entry of default, a plaintiff seeking a default judgment must set forth facts sufficient to state a legitimate cause of action. See Chanel, Inc. v. Schwartz, No. 06 CV 3371, 2007 WL 4180615, at *3 (E.D.N.Y. Nov. 19, 2007). "[I]t remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." Gunawan v. Sake Sushi Rest., 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (collecting cases); see also Au Bon Pain, 653 F.2d at 65 (explaining that the district court "need not agree that the alleged facts constitute a valid cause of action"); Rolls-Royce PLC v. Rolls-Royce USA, Inc., 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) ("[A]fter default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.") (internal citation, quotation marks, and ellipses omitted).

1. Americans with Disabilities Act Claim

    A. Standing

Standing is an "irreducible constitutional minimum." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Therefore, even where the defendant has not challenged the plaintiff's standing, the court still must evaluate whether the plaintiff has standing. Garnet v. Ramos Bros. Inc., No. 16 CV 2792, 2017 WL 590323 at *1 (E.D.N.Y. Feb. 13, 2017) (citing Access 4 All, Inc. v. Thirty E. 30th St., LLC, No. 04 CV 3683, 2006 LEXIS 96742, at *35-36 (S.D.N.Y. Dec. 11, 2006)). To invoke the jurisdiction of the federal courts, "a disabled individual claiming discrimination must satisfy the case or controversy requirement of Article III by demonstrating his [or her] standing to sue at each stage of the litigation." Brown v. Mermaid

3

Plaza Assocs. LLC., No. 13 CV 760, 2018 WL 2722454 at *5 (E.D.N.Y. Mar. 8, 2018) (quoting Chapman v. Pier I Imports (U.S.) Inc., 631 F.3d 939, 946 (9th Cir. 2011)).

To establish standing, a plaintiff must prove: "(1) injury in fact, which must be (a) concrete and particularized, and (b) actual or imminent; (2) a causal connection between the injury and the defendant's conduct; and (3) that the injury is likely to be redressed by a favorable decision." Kreisler v. Second Ave. Diner Corp., 731 F.3d 184, 187 (2d Cir. 2013) (per curiam). In ADA cases, "a 'broad view of constitutional standing' is appropriate because 'private enforcement suits are the primary method of obtaining compliance with the Act.'" Brown, 2018 WL 2722454, at *6 (quoting Harty v. Spring Valley Marketplace LLC., No. 15 CV 8190, 2017 WL 108062, at *6 (S.D.N.Y. Jan. 9, 2017)). To establish standing in an ADA suit seeking injunctive relief for lack of access to a public accommodation:

> a plaintiff must (1) allege[ ] past injury under the ADA; (2) show that it is reasonable to infer from [his or] her complaint that this discriminatory treatment will continue; and (3) show that it is also reasonable to infer, based on the past frequency of [his or] her visits and the proximity of [the public accommodation] to [his or] her home, that [he or she] intends to return to [the public accommodation] in the future.

Harty v. Simon Prop. Grp., L.P., 428 F. App'x 69, 71 (2d Cir. 2011) (quoting Camarillo v. Carrols Corp., 518 F.3d 153, 158 (2d Cir. 2008) (internal quotation marks omitted)). A plaintiff can establish an injury under the ADA by demonstrating: "(1) that [he or] she suffered a direct injury by personally encountering unlawful barriers at the defendant's property; or (2) by showing that [he or] she was deterred from using the property because it does not comply with the ADA." Chamaidan v. Tomy B. Haircare Inc., No. 17 CV 6948, 2019 WL 4917895, at *3 (E.D.N.Y. Sept. 30, 2019) (citing Kreisler, 731 F.3d at 188; Feltzin v. Triangle Props. #1, LLC, No. 14 CV 5131, 2016 WL 11599254, at *5 (E.D.N.Y. Dec. 15, 2016)). Furthermore, ADA

4

standing can be established based upon a plausible intention to return to the public accommodation as either a patron seeking to avail oneself of the goods and services offered at the public accommodation or as a tester seeking to determine whether the public accommodation has been rendered ADA compliant.  Harty v. Simon, 428 F. App'x at 71.

I find that the allegations in plaintiffs' complaint are sufficient to establish their standing to seek injunctive relief under Title III of the ADA.  Plaintiffs allege that, despite several attempts to use and navigate the Website, they have been denied the full use and enjoyment of the Website as a result of accessibility barriers on a regular basis.  (Compl. ¶ 8.)  Plaintiffs also allege that they genuinely wish to avail themselves of the goods and services offered on the Website, despite their dual motivation as "testers" visiting places of public accommodation to assess their compliance with Title III of the ADA.  (Id. ¶ 9.)  Plaintiffs intend to continue to serve as "testers" for the foreseeable future to ensure that defendant's Website and others are enjoyable to and usable by themselves and other visually impaired individuals.  (Id.)  As a result of access barriers, which include missing alternative text; empty or missing form labels; empty links; and "noscript" elements, which usually display alternate content to provide an accessible version of inaccessible scripted content but do not work for users who have JavaScript enabled for their screen readers and other assistive technologies, defendant prevents plaintiffs and other visually impaired individuals from using screen reading software on the Website.  (Id. ¶¶ 16-17.)

These allegations, accepted as true, establish that plaintiffs have actual knowledge of access barriers to defendant's Website, that plaintiffs would use and enjoy the Website but for the access barriers preventing the use of screen reading software, and that plaintiffs intend to return to the Website in the immediate future.  Plaintiffs allege that they are permanently blind.

(Id. ¶ 8.) Thus, they clearly have a statutorily protected disability. 42 U.S.C. § 12102(2)(A). Plaintiffs further allege that defendant's Website generates millions of dollars in revenue from the sale of its products and services, privileges, advantages, and accommodations. (Compl. ¶ 23.) Plaintiffs assert that because defendant's Website provides access to such products and services it constitutes a public accommodation within the definition of Title III of the ADA. 42 U.S.C. § 12181(7); Andrews v. Blick Art Materials, LLC, 268 F. Supp. 3d 381, 393 (E.D.N.Y. 2017) (retailer's website was a place of public accommodation under the ADA, and thus retailer was prohibited from discriminating against visually impaired customers on the website). Such allegations are sufficient to establish plaintiffs' standing to seek injunctive relief under Title III of the ADA. See Harty v. Simon, 428 F. App'x at 71.

### B. Liability

Plaintiffs have satisfied the requirement for liability under Title III of the ADA, which provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The ADA defines discrimination to include:

> a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently . . . because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden; [and] a failure to remove . . . barriers . . . in existing facilities . . . where such removal is readily achievable.

6

42 U.S.C. § 12182(b)(2)(A)(iii), (iv); see also Roberts v. Royal Atl. Corp., 542 F.3d 363, 367 (2d Cir. 2008).  Under the ADA, the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense."  42 U.S.C. § 12181(9).  Plaintiffs allege, and the court accepts as true, that defendant constructed a website that is inaccessible to plaintiffs, knowingly maintains the website in this inaccessible form, and has failed to take adequate actions to correct barriers.  (Compl. ¶ 24.)  Plaintiffs also allege that incorporating basic components that would make the Website accessible to visually impaired individuals would neither fundamentally alter the nature of defendant's business nor result in an undue burden on defendant.  (Id. ¶ 33.)  Accordingly, plaintiffs have established liability under the ADA.  42 U.S.C. § 12182(b)(2)(A)(iii), (iv).

  C.  Relief

Plaintiffs request an injunction requiring defendant to take the steps necessary to make the Website, www.rebelcircus.com, readily accessible to and usable by visually impaired individuals.  Injunctive relief is available under the ADA in order to rectify violations of access requirements.  42 U.S.C. § 12188(a)(2).  As discussed above, plaintiffs have established that access barriers on the Website prevent the use of screen reading software that would otherwise enable them to use and navigate the Website.  (Compl. ¶ 16.)  When a plaintiff demonstrates that a defendant has failed to remove barriers in violation of  42 U.S.C. § 12182(b)(A)(iv), "injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities." 42 U.S.C. § 12188(a)(2).

The court looks to the Web Content Accessibility Guidelines ("WCAG") 2.0 Level AA as the appropriate standard to determine whether a defendant's website is in compliance with the ADA's accessibility requirements.  See Andrews v. Blick Art Materials,

7

LLC, 286 F. Supp. 3d 365, 370 (E.D.N.Y. 2017). WCAG 2.0 recommend several basic components for making websites accessible to visually impaired individuals, such as adding invisible alternative text to graphics, ensuring that all functions can be performed using a keyboard rather than just a mouse, ensuring that image maps are accessible, and adding headings so that blind people can easily navigate websites. (Compl. ¶ 13.) As this is a motion for default judgment, the court accepts plaintiffs' allegations as true that defendant's website is not in compliance with the provisions of WCAG 2.0 and that the implementation of several basic components to bring the Website into compliance with WCAG 2.0 and the ADA is readily achievable.

Therefore, I respectfully recommend that the court grant plaintiffs' request for injunctive relief, enjoin defendants from further discrimination, and order defendants to take the steps necessary to make the Website readily accessible to and usable by visually impaired individuals according to WCAG 2.0. I further recommend that the injunction (1) require defendants to submit to plaintiffs' counsel an implementation plan that remedies the violations identified above within sixty (60) days of any order adopting this report and recommendation; (2) grant plaintiffs thirty (30) days from receipt of defendant's plans to consent or to seek further relief from the court; and (3) direct defendant to make the necessary alterations within sixty (60) days of plaintiffs' consent or any ruling on plaintiffs' request for further relief. See Shariff v. Alsaydi, No. 11 CV 6377, 2013 WL 4432218, at *4 (E.D.N.Y. Aug. 15, 2013).

2. New York State Human Rights Law Claim

Plaintiff Panarese alleges that defendant violated the NYSHRL, N.Y. EXEC. LAW § 296(2)(a).[1] Panarese's New York state claim is based upon the same accessibility barriers that underlie both plaintiffs' ADA claim. A claim for disability discrimination under the NYSHRL is governed by the same legal standards as the ADA. See Graves v. Finch Pruyn & Co., 457 F.3d 181, 184 n.3 (2d Cir. 2006); Shariff v. Beach 90th St. Realty Corp., No. 11 CV 2551, 2013 WL 6835157, at *5 (E.D.N.Y. Dec. 20, 2013). Because plaintiff has met the standard for establishing liability under the ADA, I find that defendant is liable for violating the NYSHRL on the basis of the same accessibility barriers that establish ADA liability.

3. Unruh Civil Rights Act Claim

Plaintiff Thurston alleges that defendant violated the UCRA, CAL. CIV. CODE § 51.[2] Thurston's California state claim is based upon the same accessibility barriers that underlie both plaintiffs' ADA claim. The UCRA provides that a violation under the ADA also constitutes a violation of the UCRA. Reed v. 1-800-Flowers.com, Inc., 327 F. Supp. 3d 539, 544 (E.D.N.Y. 2018) (citing CAL. CIV. CODE § 51(f)). A claim for disability discrimination under the UCRA is

---

[1] The NYSHRL, N.Y. EXEC LAW § 296(2)(a), provides that:

> It shall be an unlawful discriminatory practice for any person, being the owner, lessee, proprietor, manager, superintendent, agent or employee of any place of public accommodation . . . because of the . . . disability . . . of any person, directly or indirectly, to refuse, withhold from or deny to such person any of the accommodations, advantages, facilities or privileges thereof . . . .

[2] The UCRA, CAL. CIV. CODE § 51(b), provides that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

governed by the same legal standards as the ADA. See Lentini v. Cal. Ctr. for the Arts, Escondido, 370 F.3d 837, 847 (9th Cir. 2004) ("Because the Unruh Act has adopted the full expanse of the ADA, it must follow, that the same standards for liability apply under both Acts." (internal citations omitted)). Because plaintiff has met the standard for establishing liability under the ADA, I find that defendant is liable for violating the UCRA on the basis of the same accessibility barriers that establish ADA liability.

    4. Damages Under the NYSHRL and the UCRA

I have already recommended that plaintiffs receive injunctive relief under the ADA related to accessibility barriers on the Website, and will now turn to Panarese's request for compensatory damages under the NYSHRL and Thurston's request for statutory damages under the UCRA. As plaintiffs' requested damages are considered in the context of default judgment, it bears noting that a defendant's default "is not considered an admission of damages." Greyhound, 973 F.2d at 158 (citing Flaks v. Koegel, 504 F.2d 702 (2d Cir. 1974)); see also Au Bon Pain, 653 F.2d at 65 ("[A]t the inquest, the court should have accepted as true all of the factual allegations of the complaint, except those relating to damages."). Therefore, "[i]f the defaulted complaint suffices to establish liability, the court must conduct an inquiry sufficient to establish damages to a 'reasonable certainty.'" Gunawan, 897 F. Supp. 2d at 83 (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)). A court has the option to rely on affidavits or other documentary evidence to obviate the need for a hearing on damages. Ziegler v. Allied Commercial Roofing, Inc., No. 13 CV 2638, 2014 WL 4437316, at *2 (E.D.N.Y. Sept. 9, 2014) (citing Transatl. Marine Claims Agency, Inc. v. Ace Shipping Co., 109 F. 3d 105, 111 (2d Cir. 1997)).

10

A. <u>Compensatory Damages Under the NYSHRL</u>

The NYSRHL provides for compensatory damages. N.Y. EXEC LAW § 297(9) ("Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages . . . and such other remedies as may be appropriate[.]"). Panarese seeks compensatory damages in the amount of $15,000. (Affidavit of Jacqueline Browder, Esq., dated Jan. 15, 2020 ("Browder Aff."), Dkt. No. 10-5, ¶ 2.) I find Panarese's request for $15,000 excessive, as he has not established any particular damages as a result of his inability to access the Website. <u>See id.</u>; <u>Sofia v. L&R Corp.</u>, No. 18 CV 863, 2020 WL 2611015, at *2 (E.D.N.Y. May 22, 2020) (denying plaintiff's request for $2,500 in compensatory damages as excessive because plaintiff did not establish any particular damages).

"The New York City Human Rights Commission has deemed awards of $1,000 to be sufficient in cases where complainants did not establish any particular damage other than what a decent and reasonable individual would suffer when faced with such ignorant behavior." <u>Kreisler v. Second Ave. Diner Corp.</u>, No. 10 CV 7592, 2012 WL 3961304, at *14 (S.D.N.Y. Sept. 11, 2012), <u>aff'd</u>, 731 F.3d 184 (2d Cir. 2013) (internal citation and quotation marks omitted). Following the New York City Human Rights Commission's recommendation, "[c]ourts in this circuit find an award of $1,000 to be appropriate in similar cases." <u>Beach 90th St. Realty Corp.</u>, 2013 WL 6835157, at *4; <u>see also</u> <u>Sofia</u>, 2020 WL 2611015, at *2 (awarding $1,000); <u>Shalto v. Bay of Bengal Kabob Corp.</u>, No. 12 CV 920, 2013 WL 867429, at *13 (E.D.N.Y. Feb. 6, 2013) (awarding $1,000 to compensate plaintiff for "damages reasonably incurred by . . . being unable to enjoy a meal at Defendant's [property] because of architectural barriers"), <u>report and recommendation adopted as modified</u>, 2013 WL 867420 (E.D.N.Y. Feb. 6,

11

2013); Kreisler, 2012 WL 3961304, at *15 (awarding $1,000). Therefore, I respectfully recommend that Panarese be awarded $1,000 in compensatory damages under the NYSHRL.

### B. Statutory Damages Under the UCRA

Thurston requests $16,000 in statutory damages. (Browder Aff. ¶ 3.) The minimum statutory damage amount under the UCRA is $4,000 for each occasion on which a plaintiff encountered a barrier to access. CAL. CIV. CODE § 52(a); Johnson v. Wayside Property, Inc., 41 F. Supp. 3d 973, 981 (E.D. Cal. 2014). While Thurston does not state any particularized damages, the Ninth Circuit has held that "proof of actual damages is not a prerequisite to recovery of statutory minimum damages." Botosan v. Paul McNally Realty, 216 F.3d 827, 835 (9th Cir. 2000).

However, to maintain an action for statutory minimum damages, a plaintiff must establish that he or she was denied full and equal access to a defendant's business establishment on a particular occasion. See Hubbard v. Twin Oaks Health & Rehab. Ctr., 408 F. Supp. 2d 923, 932 (E.D. Cal. 2004). Thus, the amount of a plaintiff's statutory damages under the UCRA is determined by how many times the plaintiff visited the non-compliant establishment. See Grutman v. Regents of Univ. of Cal., 807 F. Supp. 2d 861, 869 (N.D. Cal. 2011) (citing Org. for the Advancement of Minorities with Disabilities v. Pacific Heights Inn, No. C 04-03368, 2006 WL 2560754, at *4 (N.D. Cal. Sept. 5, 2006) (single award of statutory damages under Section 52(a) on the basis that one-night stay at inn was a single occasion, even though the plaintiff encountered numerous barriers to access); Feezor v. Del Taco, Inc., 431 F. Supp. 2d 1088, 1090-91 (S.D. Cal. 2005) (three awards of statutory damages under Section 52(a) based on three visits to restaurant where plaintiff encountered architectural barriers); Hubbard v. Rite Aid, 433 F.

Supp. 2d 1150, 1170 (S.D. Cal. 2006) (three awards of statutory damages under Section 52(a) based on three visits to store where plaintiff encountered architectural barriers)).

Thurston alleges that she was denied full and equal access to the Website "multiple times in the past" but does not state with further specificity when or on how many occasions she was denied access to the Website. (Compl. ¶ 8.) Without further information to ascertain how many times plaintiff was denied access to the Website, I respectfully recommend that plaintiff Thurston be awarded $4,000 in minimum statutory damages under the UCRA.

   5. Attorney's Fees

The ADA and the UCRA allow a prevailing party in an action to recover reasonable attorney's fees, including litigation expenses and costs. 42 U.S.C. § 12205; CAL. CIV. CODE § 52(a). The NYSHRL only allows a prevailing party to recover attorney's fees in cases involving housing discrimination, credit discrimination where sex is the basis of such discrimination, and employment discrimination. See N.Y. EXEC LAW § 297(10); see also Lightfoot v. Union Carbide Corp., 110 F.3d 898, 913 (2d Cir. 1997) (". . . the NYSHRL does not provide for an award of fees.") (internal citation omitted). Accordingly, plaintiffs' request for attorney's fees and costs is only considered under the ADA and the UCRA.

Plaintiffs request $8,000 in attorney's fees and costs. (Browder Aff. ¶¶ 4-5.) The starting point for determining the presumptively reasonable fee award is the "lodestar" amount, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Gaia House Mezz LLC v. State St. Bank & Tr. Co., No. 11 CV 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011)). However, a fee applicant "bears the burden of supporting its claim of hours expended by accurate, detailed and contemporaneous time records." Santillan v. Henao,

13

822 F. Supp. 2d 284, 299 (E.D.N.Y. 2011) (citing N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147–48 (2d Cir. 1983)).  "All applications for attorney's fees . . . should normally be disallowed unless accompanied by contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done." Carey, 711 F.2d at 1154; see also Kingvision Pay–Per–View, Ltd. v. The Body Shop, No. 00 CV 1089, 2002 WL 393091, at *5 (S.D.N.Y. Mar. 13, 2002) (denying request for attorney's fees and costs where plaintiff did not offer supporting documentation showing how the fees were accumulated).

       Plaintiffs have not supported their request for attorney's fees and costs with any time or expense records.  (See Browder Aff. ¶¶ 4-5.)  While contemporaneous time records are required to grant attorney's fees related to a federal claim, the Second Circuit has held that "where 'state law creates the substantive right to attorney's fees [such] a right [ ] cannot be deprived by applying the contemporaneous time records rule adopted in this Circuit.'" Cabrera v. Schafer, No. 12 CV 6323, 2017 WL 9512409, at *6 (E.D.N.Y. Feb. 17, 2017) (quoting Riordan v. Nationwide Mut. Fire Ins. Co., 977 F.2d 47, 53 (2d Cir. 1992)), report and recommendation adopted, 2017 WL 1162183 (E.D.N.Y. Mar. 27, 2017).  However, even where a court may excuse the mandate for contemporaneous records in cases involving state law claims, the burden remains on "the attorney claiming such fees to 'keep and present records from which the court may determine the nature of the work done, the need for it, and the amount of time reasonably required; where adequate contemporaneous records have not been kept, the court should not award the full amount requested.'" Farb v. Baldwin Union Free Sch. Dist., No. 05 CV 596, 2011 WL 4465051, at *10 (E.D.N.Y. Sept. 26, 2011) (quoting F.H. Krear & Co. v. Nineteen Named Trs., 810 F.2d 1250, 1265 (2d Cir. 1987)); see also Gen. Star Indem. Co. v. Custom Editions Upholstery, 940 F. Supp. 645, 653 (S.D.N.Y. 1996) ("[E]ven if

contemporaneous records are not required, this court cannot rely on an admittedly 'speculative,' 'reconstructed hourly bill' to set compensation."). As plaintiffs have not submitted any documentation regarding the nature of the work done by counsel, the amount of time reasonably required to do such work, or any itemized record reflecting the costs of the action, I respectfully recommend that plaintiffs' request for attorney's fees and costs be denied.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that plaintiffs' motion for default judgment be granted. I further recommend that plaintiff Panarese be awarded $1,000 in compensatory damages under the NYSHRL and that plaintiff Thurston be awarded $4,000 in statutory damages under the UCRA. Moreover, I respectfully recommend that the court issue an injunction, pursuant to the ADA, ordering defendant to provide access to the Website in compliance with the Americans with Disabilities Act and the Web Content Accessibility Guidelines 2.0 Level AA. Plaintiffs are directed to serve a copy of this Report and Recommendation on defendant, and to file proof of service with the court. Any objections to this Report and Recommendation must be filed electronically within fourteen (14) days. Failure to file objections within the specified time may waive a right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

_____
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
         July 2, 2020